UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| MA FE TALAMOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 1:16–CV–435–DAE |
| vs. | § | |
| | § | |
| I C SYSTEM, INC., SCHLEE & | § | |
| STILLMAN, LLC, and TRAVELERS | § | |
| CASUALTY AND SURETY | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO FILE SECOND
AMENDED COMPLAINT AND DENYING PARTIES' MOTIONS FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE TO REFILING**

Before the Court are three motions: (1) a Motion to File a Second

Amended Complaint filed by Plaintiff Ma Fe Talamor ("Talamor" or "Plaintiff")

on December 28, 2016 (Dkt. # 39); (2) Plaintiff's Motion for Summary Judgment

filed on January 19, 2017 (Dkt. # 42); and (3) a Motion for Summary Judgment

filed by I C System, Inc., Schlee & Stillman, LLC, and Travelers Casualty and

Surety Company of America (collectively, "Defendants") on January 19, 2017

(Dkt. # 43).  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable

for disposition without a hearing.  For the reasons that follow, the Court **GRANTS**

Plaintiff's Motion to File a Second Amended Complaint (Dkt. # 39), and **DENIES**

1

**WITHOUT PREJUDICE TO REFILING** both Plaintiff's and Defendants'

Motions for Summary Judgment (Dkts. ## 42, 43).

BACKGROUND

This case was removed to federal court by Defendants on April 5,

2016.  (Dkt. # 1.)  Plaintiff's First Amended Complaint, filed on June 22, 2016,

alleges claims against Defendants under the Fair Debt Collection Practices Act

("FDCPA") and the Texas Debt Collection Act ("TDCA") for unfair or deceptive

practices in attempting to collect a purported debt obligation owed by Plaintiff.

(Dkt. # 15.)  According to the Scheduling Order entered on September 7, 2016, the

deadline to file all amended or supplemental pleadings was August 25, 2016.  (Dkt.

# 29.)  Defendants filed an Amended Motion for Rule 11 Sanctions on November

21, 2016 (Dkt. # 33), which Magistrate Judge Austin denied as premature and

dismissed without prejudice on December 16, 2016 (Dkt. # 38).

Thereafter, Plaintiff filed the instant Motion to File a Second

Amended Complaint on December 28, 2016.  (Dkt. # 39.)  Plaintiff requests leave

to amend and update the facts underlying the causes of action against Defendants,

based on information she received after filing her First Amended Complaint.  (Id.)

Also, the "Certificate of Conference" in Plaintiff's Motion to File a Second

Amended Complaint notes that Defendants are opposed to the request, but

Defendants did not file a response or otherwise object in the time period allowed

2

by the Local Rules.  (Id.)  Accordingly, pursuant to Local Rule CV-7(e), the Court treats Plaintiff's Motion to File a Second Amended Complaint as unopposed.

On January 4, 2017, the above-captioned case was reassigned from Judge Yeakel in Austin to the undersigned.  (Dkt. # 40.)  Plaintiff and Defendants filed their respective Motions for Summary Judgment on January 19, 2017 (Dkts. ## 42, 43), which was the dispositive motion deadline set by the Scheduling Order (Dkt. # 29).

ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings, if the time period has passed for a party to amend as a matter of course, "shall be freely given [by the court] when justice so requires."  Fed. R. Civ. P. 15(a).  The policy underlying this rule is liberal in favor of permitting amendment of pleadings, and Rule 15(a) – by its text – favors the granting of leave to amend.  Unless there is a substantial reason to deny leave to amend, the discretion of the court is not broad enough to permit denial.  Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000).  Relevant factors to consider in deciding whether to permit amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and

futility of amendment." <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993).

Here, although Plaintiff's request comes four months after the deadline to file amended or supplemental pleadings and more than six months after Judge Yeakel granted leave to file the First Amended Complaint, the Court finds that Plaintiff's proposed amendments are minor factual statements that will not unduly prejudice Defendants or cause undue delay in the course of this litigation. Plaintiff asserts that, after filing her First Amended Complaint, she was informed that Defendant Schlee & Stillman, LLC, did in fact obtain a surety bond issued by a surety company authorized to do business in the state of Texas.  (Dkt. # 39 at 1.) Without passing judgment on the merits of Plaintiff's FDCPA and TDCA claims, this appears to be an amendment that helps ensure the accuracy of the facts underlying Plaintiffs' claims.

Therefore, because the Court finds that Plaintiff's request to amend her pleadings is not made in bad faith or with a dilatory motive, the Court **GRANTS** Plaintiff's Motion to File a Second Amended Complaint (Dkt. # 39). Moreover, in light of the Court granting such an allowance – and to give the Parties equal opportunity to amend or supplement, if they so choose, their timely-filed summary judgment motions based on the amended pleadings – the Motions for Summary Judgment (Dkts. ## 42, 43) are **DENIED WITHOUT**

4

**PREJUDICE TO REFILING.**  Because the Court is allowing the Parties to re-file their summary judgment motions, Plaintiff's proposed amendments further do not appear likely to prejudice Defendants, especially since this case is not yet set for pre-trial conference or trial.

CONCLUSION

For the reasons set forth, the Court **GRANTS** Plaintiff's Motion to File a Second Amended Complaint (Dkt. # 39), and **DENIES WITHOUT PREJUDICE TO REFILING** both Plaintiff's and Defendants' Motions for Summary Judgment (Dkts. ## 42, 43.)  Parties are advised that **no further amendments to the pleadings will be considered or granted.**  Additionally, the Parties are hereby **ORDERED** to re-file their summary judgment motions within **fourteen (14) days** of the date of this Order, and to respond/reply thereafter according to the timing set forth in the Local Rules for motion practice.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, January 23, 2017.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE