UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MA FE TALAMOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 1:16–CV–435–DAE |
| vs. | § | |
| | § | |
| I.C. SYSTEM, INC., SCHLEE & | § | |
| STILLMAN, LLC, and TRAVELERS | § | |
| CASUALTY AND SURETY | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendants. | § | |

ORDER (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT (DKT. # 47), AND (2) DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (DKT. # 48)

Before the Court are two motions: (1) a Motion for Summary Judgment filed by I.C. System, Inc. ("ICS"), Schlee & Stillman, LLC ("Schlee"), and Travelers Casualty and Surety Company of America ("Travelers") (collectively, "Defendants") on February 3, 2017 (Dkt. # 47); and (2) a Motion for Summary Judgment filed by Ma Fe Talamor ("Plaintiff" or "Talamor") on February 3, 2017 (Dkt. # 48).  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the memoranda and exhibits filed in support of and in opposition to the motions, the Court—for the reasons that follow—(1) **GRANTS** Defendants' Motion for

1

Summary Judgment (Dkt. # 47), and (2) **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. # 48).

BACKGROUND

On February 17, 2016, Plaintiff filed her original complaint in state court in Travis County, Texas. (Dkt. # 1-2 at 1–5.) On April 5, 2016, Defendants removed the case to federal court, invoking this Court's federal question jurisdiction. (Dkt. # 1.) After leave of court was sought, Plaintiff filed a Second Amended Complaint, the operative pleading, on January 23, 2017. ("Second Am. Compl." or "SAC," Dkt. # 45.) Plaintiff brings a claim against Defendants for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and a related state law claim for violating the Texas Debt Collection Act ("TDCA"). (Id. ¶¶ 47–50.)

According to the SAC, Plaintiff incurred an alleged debt for goods and services used for personal, family, or household purposes, originally for a Seton Healthcare ("Seton") account ("the alleged debt").[1] (Id. ¶ 16.) However, due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default. (Id. ¶ 17.) Seton subsequently assigned or transferred the alleged debt to Defendant I.C. System, Inc. ("ICS"). (Id. ¶ 18.) Per the SAC, ICS regularly collects or attempts to collect defaulted consumer debts using the

---

[1] The amount of the alleged debt is $5,101.17. (See Dkt. # 47-1 at 1.)

telephone and mail, and is therefore a "debt collector" under 15 U.S.C. § 1692a(6) of the FDCPA, as well as a "third-party debt collector" under § 392.001(7) of the TDCA.  (Id. ¶ 10.)

On or around October 21, 2015, ICS mailed a letter addressed to Plaintiff's residence to collect the alleged debt ("the ICS letter").  (SAC ¶ 19.)  The ICS letter apparently conveyed information to Plaintiff regarding the alleged debt, including the identity of the original creditor, an account number, and a balance due, and was therefore a "communication" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.  (Id. ¶¶ 20, 21.)  The ICS letter stated in part:

> If you fail to contact us to discuss payment of this account, our client has authorized us to pursue additional remedies to recover the balance due, including referring the account to an attorney.

(Id. ¶ 22.)  Plaintiff alleges that "[r]eferral of the account to an attorney to pursue additional remedies is a threat to file a lawsuit."  (Id. ¶ 23.)

Plaintiff maintains that, although ICS was threatening that its client would sue Plaintiff to recover payment for the alleged debt, Seton did not intend to ever sue Plaintiff for the alleged debt because it does not file collection lawsuits against consumers in Travis County, Texas for defaulted medical bills.  (Id. ¶¶ 24–26.)  Thus, Plaintiff argues that ICS' false threat not only was intended to make Plaintiff afraid of being sued – even though ICS' client admittedly does not file

lawsuits in Travis County – but was also made in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt.  (Id. ¶¶ 27–28.)  Because 15 U.S.C. § 1692e ("Section 1692") of the FDCPA states that debt collectors may not use false or misleading representations in connection with the collection of any debt, Plaintiff argues that ICS violated this provision when it threatened to "'pursue additional remedies to recover the balance due, including referring the account to an attorney.'"  (SAC ¶ 30.)

Plaintiff brings a similar claim against Defendant Schlee & Stillman, LLC ("Schlee"), a firm that Plaintiff claims ICS enlisted to collect debts on its behalf.  Schlee is a law firm that collects debts in the name of its clients primarily using non-attorney employees who are regularly engaged to solicit debts for collection or regularly make contact with debtors for the purpose of collection of debts, and is therefore a "debt collector" under the FDCPA and a "third-party debt collector" under the TDCA.  (Id. ¶¶ 13–14.)  On or around January 7, 2016, Schlee mailed a letter addressed to Plaintiff's residence to collect the same alleged debt ("the Schlee letter").  (Id. ¶ 33.)  According to the SAC, the Schlee letter contained and conveyed the same or similar information regarding the alleged debt and was therefore a "communication" under the FDCPA and a "debt collection" under the TDCA.  (Id. ¶¶ 34–35.)  However, the Schlee letter also stated that no attorney with the firm had personally reviewed the particular circumstances of Plaintiff's

4

account; the Schlee letter and Plaintiff's account were being handled by non-attorney employees at Schlee. (Id. ¶ 37.)

According to Plaintiff, as of the date the Schlee letter was sent, Schlee had not filed a copy of its surety bond[2] with the Texas Secretary of State, as is required for third-party debt collectors in Texas. (Id. at ¶ 38.) Plaintiff maintains that, because Schlee engaged in debt collection when it did not have a copy of a valid surety bond on file with the Texas Secretary of State, Schlee was in violation of the TDCA. (SAC ¶ 40.) In turn, Plaintiff maintains that Schlee also violated the FDCPA because the statute provides that a debt collector may not use "unfair or unconscionable means" to collect or attempt to collect any debt, and Schlee was attempting to collect debt in Texas without a surety bond on file from which Plaintiff could recover for violations of state and federal law. (Id. ¶¶ 39–42.) Moreover, according to Plaintiff, ICS "authorized, directed, and ratified every action taken by Schlee on its behalf, and is liable for the acts and omissions of Schlee in connection with the efforts to collect on the alleged debt. (Id. ¶ 43.)

The Scheduling Order in this case set the dispositive motion deadline for January 19, 2017. (Dkt. # 29.) On that date, the parties timely filed summary judgment motions (see Dkts. ## 42, 43), but because the Court subsequently allowed Plaintiff to file the SAC (see Dkt. # 44), the Court allowed the parties to

---

[2] Defendant Travelers is the surety bond holder.

re-file their summary judgment motions within two weeks. Accordingly, on February 3, 2017, Defendants filed the instant amended motion for summary judgment (Dkt. # 47), and Plaintiff also filed the instant amended motion for summary judgment (Dkt. # 48). On February 20, 2017, Defendants filed a response to Plaintiff's motion. (Dkt. # 49.) Likewise, on February 21, 2017, Plaintiff filed a response to Defendants' motion (Dkt. # 51), and on February 28, 2017, Defendants filed a reply (Dkt. # 52).

## LEGAL STANDARD

I. Summary Judgment Under Rule 56

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P. Enterprises, L.L.C., 756 F.3d 875, 880 (5th Cir. 2014). "Substantive law will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In seeking summary judgment, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the

existence of a genuine issue for trial.  Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012).

In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  Kevin M. Ehringer Enters. v. McData Servs. Corp., 646 F.3d 321, 326 (5th Cir. 2011) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

## DISCUSSION

I.    Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act ("FDCPA") is a "statute that authorizes private lawsuits and weighty fines designed to deter wayward collection practices."  Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718, 1720 (2017).  To that end, the FDCPA "prohibits a debt collector from asserting any

'false, deceptive, or misleading representation' or using any 'unfair or unconscionable means' to collect, or attempt to collect, a debt." Midland Funding, LLC v. Johnson, 137 S. Ct. 1407, 1410 (2017) (citing 15 U.S.C. §§ 1692e, 1692f). To state an FDCPA claim, a plaintiff must show: "(1) that he was the object of collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA," Douglas v. Select Portfolio Servicing, Inc., Civil Action No. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015), and a claim under the FDCPA must be brought within one year from the date the alleged violation occurs. Smither v. Ditech Fin., LLC, No. 16-20392, 2017 WL 958314, at *6 (5th Cir. Mar. 10, 2017) (citing 15 U.S.C. § 1692k(d)). "Congress clearly intended the FDCPA to have a broad remedial scope," and the FDCPA "should therefore be construed broadly and in favor of the consumer." Daugherty v. Convergent Outsourcing, Inc., 836 F.3d 507, 511 (5th Cir. 2016) (internal citations and quotations omitted).

    A.    Defendants' Motion for Summary Judgment (Dkt. # 47)

ICS moves for summary judgment, arguing there is no dispute of material fact that it did not violate the FDCPA's ban on false or misleading representations when it (1) notified Plaintiff that it was authorized by its client, Seton Healthcare, to refer the case to an attorney, and (2) eventually referred the

account to Schlee, pursuant to this notification. (Dkt. # 47 at 2–3.) Schlee and Travelers move for summary judgment on two grounds. First, Schlee argues that, despite the fact that it did not have the surety bond on file with the Texas Secretary of State prior to debt collection efforts, it is nonetheless entitled to the bona fide error/good faith defense. (Id. at 3.) Second, and alternatively, Schlee and Travelers argue that Plaintiff cannot meet her burden under Texas law of proving that not having a bond on file with the Secretary of State caused Plaintiff actual injury. (Id.) Each argument is addressed in turn. And to the extent Plaintiff's cross-motion urges summary judgment on the same issue(s), the Court will address Plaintiff's arguments and evidence where relevant to make a determination as to whether summary judgment is appropriate for either party.

        1.      <u>Arguments by ICS for Summary Judgment</u>

ICS argues that there is no dispute of material fact that it did not violate the FDCPA's ban on false or misleading representations because its October 2015 collection letter to Plaintiff was not, as a matter of law, a threat to take legal action. (Id. at 5.) Plaintiff counters that the ICS letter made an "implicit threat" to file a lawsuit, which is prohibited under the FDCPA, and therefore Defendants should be denied summary judgment. (Dkt. # 51 at 7.)

"The FDCPA prohibits the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt,' [and]

Section 1692e furnishes a nonexclusive list of prohibited practices, including . . . threatening to take any action that cannot legally be taken" or that is not intended to be taken.  Daugherty, 836 F.3d at 510–11 (citing 15 U.S.C. §§ 1692e, e(5)); see also United States v. Commercial Recovery Sys., Inc., 179 F. Supp. 3d 728, 735 (E.D. Tex. 2016) ("[T]he FDCPA bars threats to take any action that cannot legally be taken or is not intended to be taken." (citing 15 U.S.C. § 1692e(5))).  When evaluating whether a collection letter violates Section 1692e, a court must view the letter from the perspective of an "unsophisticated or least sophisticated consumer."[3]  McMurray v. ProCollect, Inc., 687 F.3d 665, 669 (5th Cir. 2012) (internal citation omitted).  The court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors."  Goswami v. Am. Collections Enter., 377 F.3d 488, 495 (5th Cir. 2004).  However, the unsophisticated consumer is not one "tied to the 'very last rung on the [intelligence or] sophistication ladder.'"  Id. (alteration in original) (quoting Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997)).

       Thus, the key issue is whether the language cited by Plaintiff in the October 2015 ICS letter constitutes, under the unsophisticated consumer test, a

---

[3] For ease of reference, the Court refers to both as "unsophisticated" consumers. See Daugherty, 836 F.3d at 511 n.2 (doing the same because the Fifth Circuit in Peter v. G.C. Servs. L.P., 310 F.3d 344, 349 n.1 (5th Cir. 2002) had previously done so, finding that "the difference between the standards is *de minimis* at most").

10

"threat to take action that cannot legally be taken or was not intended to be taken." In other words, to violate Section 1692e(5), ICS must have threatened to take action it was prohibited by law from taking or was never intended to be taken. See, e.g., Poirier v. Alco Collections, Inc., 107 F.3d 347, 349 (5th Cir. 1997). Plaintiff points to the following language of the ICS letter as the allegedly prohibited implicit threat to file a lawsuit:

> If you fail to contact us to discuss payment of this account, our client has authorized us to pursue additional remedies to recover the balance due, including referring the account to an attorney.

(SAC ¶¶ 22, 23; see also Dkt. # 51 at 7; Dkt. # 48-4 at 7.) The Court has examined the ICS letter (see Dkt. # 47-1 at 3), and does not find that an unsophisticated consumer could reasonably be deceived by its language. Simply, the Court finds that this language does not threaten to take action that either ICS was otherwise legally prohibited from taking, or it never intended to take.

Plaintiff has not proffered any summary judgment evidence – nor does the record suggest – that ICS was legally barred from taking action to collect on the alleged debt, including referring the alleged debt to an attorney. Plaintiff does not dispute the amount or validity of the alleged debt, nor does she attempt to argue that collection efforts for the alleged debt were time-barred, the latter of which – under pertinent case law – would be clear violations of Section 1692(e)(5).

See, e.g., Carter v. First Nat'l Collection Bureau, Inc., 135 F. Supp. 3d 565, 571 (S.D. Tex. 2015) (explaining that Section 1692e(5) "clearly makes it illegal for a debt collector to threaten to sue on a debt where the statute of limitations has run" because it is an "action that cannot legally be taken" by the debt collector). Additionally, there are two reasons why the ICS letter's language did not threaten to take action ICS never intended to take.

First, Plaintiff's complaint alleges that ICS' client, Seton Healthcare, does not file collection lawsuits in Travis County, Texas, and therefore, ICS' threat of a referral to an attorney was an improper threat of action never intended to be taken by Seton. (SAC ¶¶ 26, 27; Dkt. # 48-4 at 7.) But while this argument might have been enough to sustain the complaint against a motion to dismiss, see, e.g., Flecha v. Medicredit, Inc., A-16-CV-792 LY, 2017 WL 1326312, at *1 (W.D. Tex. Apr. 10, 2017), at the summary judgment stage, Plaintiff has proffered no competent evidence – and the record does not suggest – that ICS' possible referral to an attorney was either "legally barred" or never intended to actually be undertaken by Seton. See Sibley v. Firstcollect, Inc., 913 F. Supp. 469, 470–71 (M.D. La. 1995) ("When a summary judgment motion is properly made and supported under Rule 56(c), the nonmoving party may not rest on the mere allegations of its pleadings but, rather, must come forward with 'specific facts' showing that there is a genuine issue for trial."). Plaintiff's only "evidence" that

Seton does not file lawsuits to collect medical debts is a screenshot of a list of cases filed by Seton as of February 3, 2017, in Travis County, Texas, which does not "undisputedly" show that Seton has never and will never file consumer debt lawsuits in that county.  (See Dkt. # 48-1, Ex. F at 32–35.)

Second, the record undisputedly shows that ICS did indeed do what it notified Plaintiff it might do—i.e., ICS referred the account to Schlee.  (See Dkt. # 47 at 5, 12.)  Courts recognize that Section 1692e(5) "applies only to 'threats' of action, not to actions actually taken."  See Meroney v. Pharia, LLC, 688 F. Supp. 2d 550, 554 (N.D. Tex. 2009) (citing, for example, Delawder v. Platinum Fin. Servs. Corp., 443 F. Supp. 2d 942, 948 (S.D. Ohio 2005), which held that plaintiff did not state a claim under Section 1692e(5) because a lawsuit to collect debt was actually filed); McGinnis v. Dodeka, LLC, No. 4:09cv334, 2010 WL 1856450, at *4 (E.D. Tex. May 7, 2010) (citing Meroney).  Though "[d]istrict courts in this circuit . . . have not required a collection letter to communicate that a lawsuit is either imminent or a decision to litigate has already been made in order to find a violation of § 1692e(5)," the language of the ICS letter – coupled with Schlee's subsequent letter on January 7, 2016, noting that Schlee had not been hired to file a lawsuit against Plaintiff (Dkt. # 47-1 at 1) – does not "create[ ] the impression that legal action by the debt collector is a real possibility," the latter of which would have been sufficient to find a violation.  See Flecha, 2017 WL 1326312, at *4

13

(citing cases and examples of statements found to be violations of Section 1692e(5)).  Moreover, Plaintiff cannot and does not dispute that she was in receipt of the Schlee letter over a month prior to filing her own suit on February 17, 2016, in which she alleged that she was being "threatened" with a lawsuit.  Therefore, under the totality of the circumstances, no "real possibility" of legal action can be inferred from either the ICS letter or the Schlee letter, particularly in the absence of any summary judgment evidence offered by Plaintiff besides the two collection letters at issue and a self-serving affidavit.

       Therefore, even assuming, as the Court must, that Plaintiff was "neither shrewd nor experienced in dealing with creditors" under the unsophisticated consumer test, see Goswami, 377 F.3d at 495, this provision of the ICS letter does not violate Section 1692e(5) as a matter of law.  Accordingly, the Court grants summary judgment to ICS on this issue and denies summary judgment to Plaintiff on this issue.

       2.    Arguments by Schlee and Travelers for Summary Judgment

       Schlee and Travelers move for summary judgment, arguing that there are no genuine fact issues that, despite failing to have the surety bond on file with the Texas Secretary of State prior to debt collection efforts, Schlee and Travelers are entitled to the bona fide error/good faith defense, and therefore, cannot be found liable for violations of Section 1692f of the FDCPA and Section 392.101(a)

of the TDCA.  (Dkt. # 47 at 14.)  Alternatively, Schlee and Travelers also argue that Plaintiff cannot meet her burden under Texas law of proving that not having the surety bond on file with the Secretary of State caused Plaintiff actual injury.  (Id. at 3.)  Plaintiff cross-moves for summary judgment on the same issue, arguing that Defendants are not entitled to the bona fide error/good faith defense of the FDCPA and TDCA as a matter of law.  (Dkt. # 48-4 at 12, 14.)

Under Section 1692f of the FDCPA, a debt collector may not use "unfair or unconscionable means to collect or attempt to collect" consumer debt.  Heintz v. Jenkins, 514 U.S. 291, 292 (1995) (citing 15 U.S.C. § 1692f).  The Supreme Court has noted that it has not "had occasion to construe the terms 'unfair' or 'unconscionable' in § 1692f, [but that] [t]he FDCPA's legislative history suggests that Congress intended these terms as a backstop that would enable 'courts, where appropriate to proscribe other improper conduct . . . not specifically addressed' by the statute."  Midland Funding, LLC, 137 S. Ct. at 1418 n.4.  Plaintiff claims that Schlee violated this provision when it failed to have a surety bond on file with the Secretary of State prior to pursuing debt collection efforts.  (SAC ¶ 42.)  In other words, Plaintiff's claim of an alleged violation of Section 1692f of the FDCPA is predicated on Schlee's alleged violation of section 392.101(a) of the TDCA, the latter of which provides that a third party debt collector may not engage in debt collection unless such entity has procured a surety

bond and a copy of the bond must be filed with the secretary of state. (Id. ¶¶ 38–42; see also Tex. Fin. Code § 392.101.) "The TDCA prohibits debt collectors from using various forms of threatening, coercive, harassing, or abusive conduct to collect debts from consumers." Mahmoud v. De Moss Owners Ass'n, Inc., Civil Action No. 4:13-cv-1758, 2015 WL 12551078, at *4 (S.D. Tex. Sept. 30, 2015) (internal quotations and citation omitted).

The Court has reviewed Section 1692f, which contains a non-exhaustive list of eight examples of prohibited "unfair or unconscionable" collection means, and pertinent to the issue here, none of these examples describes as a *per se* violation an alleged state law violation. See 15 U.S.C. §§ 1692f(1)–(8); see also Meyer v. Turner, Civil No. 1:13-cv-443-JCG, 2015 WL 7300562, at *3 (S.D. Miss. Nov. 18, 2015) ("Although the terms 'unfair' and 'unconscionable' are not limited to those practices specifically enumerated in § 1692f of the [FDCPA], that section lists eight categories of prohibited practices."). Plaintiff does not point to a specific subsection of Section 1692f that was allegedly violated, seemingly relying on the breadth of "unfair or unconscionable" to be a catch-all for the alleged state law violation by Schlee. But the record is undisputed that Schlee otherwise complied with the TDCA's requirement of obtaining a surety bond; the bond was simply seemingly erroneously not filed with the Secretary of State prior to collection efforts against Plaintiff. (See Dkt. # 39 at 1 (Plaintiff's motion to file

second amended complaint conceded amendment was needed to reflect the fact that Schlee did, in fact, obtain a surety bond); Dkt. # 47-1 at 7–11 (copy of bond issued by Travelers in amount of $10,000).)  Therefore, without any summary judgment evidence proffered to the contrary, the Court finds that Schlee did not engage in "unfair or unconscionable" conduct, and thus did not violate Section 1692f as a matter of law predicted on an underlying erroneous state law violation.  See Thamathitikhun v. Bank of America, N.A., Civil Action No. 6:15-cv-390, 2016 WL 7734556, at *10 (E.D. Tex. Aug. 8, 2016) (finding defendants had not violated Section 1692f because "[n]ot only does [p]laintiffs' allegation fail to resemble any of the listed instances of misconduct set out in the statute," but also defendants made a statement "in error, which does not meet the 'unfair or unconscionable' means requirement of § 1692f").

   Having disposed of the federal FDCPA claim, the Court turns to the state law claim.  The Court finds that there is a facial violation of the TDCA by the failure to timely file the surety bond with the Texas Secretary of State.  See Obella v. Bureau, Civil Action No. 4:14-CV-1013, 2015 WL 12570840, at *4 (S.D. Tex. Apr. 20, 2015) (finding facial violation of TDCA's section 392.101 filing requirement, where defendant did in fact have the required surety bond, but the failure to file the bond was "purely clerical error").  But both the FDCPA and TDCA allow for the same bona fide error defense, see id.; the key issue then is

whether Defendants Schlee and Travelers qualify for the bona fide error defense to avoid liability for the TDCA violation.  A debt collector may not be held liable if he "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  Heintz, 514 U.S. at 295 (quoting 15 U.S.C. § 1692k(c)); see Obella, 2015 WL 12570840, at *4 (setting out same test under TDCA).  Thus, to prevail on a bona fide error defense, the debt collector must show both that the violation was not intentional, *and* that it maintained procedures reasonably adapted to avoid such an error.  Sibley, 913 F. Supp. at 472; Taylor, 103 F.3d at 1239.

    Here then, to prevail on summary judgment on the bona fide error/good faith defense, Schlee must show that it (1) failed to file the surety bond unintentionally, and (2) that it otherwise had procedures in place to avoid such an error.  In support, Schlee has provided the affidavit of Gregg Lowden, who is employed in the Compliance & Audit Department for Schlee & Stillman, LLC.  ("Lowden Aff.," Dkt. # 47-1 at 12–13.)  Mr. Lowden avers he provided the copy of the surety bond for the record, effective on or around January 14, 2015, and which was properly active at all times relevant to the collection efforts against Plaintiff.  (Id. ¶ 2; compare with the Schlee letter, dated January 7, 2016 (SAC ¶ 33).)  Mr. Lowden also states it is the "routine practice" of Schlee "to ensure that all bonds

18

that are required to be filed with a specific entity are done so in a timely manner," including having "employees who are specifically instructed to file bonds if the law requires," but that – despite these policies and procedures – "the bond in this case was not filed with the Secretary of State due to an innocent clerical error." (Lowden Aff. ¶ 3.) By contrast, Plaintiff has not proffered any evidence to show genuine issues of material fact as to either of these prongs of the bona fide error/good faith defense. Accordingly, summary judgment is granted in favor of Schlee and Travelers on this issue—they are entitled to the bona fide error/good faith defense set forth by the TDCA, and thus, summary judgment is denied to Plaintiff on this issue. See Tavernini v. Bank of America, N.A., 2014 WL 1290063, at *13 (E.D. Tex. Mar. 31, 2014) (granting summary judgment to debt collector on, *inter alia*, plaintiff's TDCA Section 392.101 claim because plaintiff's summary judgment response "does not cite to any evidence or argument to show a genuine issue of material fact as to these claims").

    B.    <u>Plaintiff's Motion for Summary Judgment (Dkt. # 48)</u>

Having addressed all of Plaintiff's arguments for summary judgment through analysis of Defendants' cross-motion for summary judgment on the same issues, the Court finds that Plaintiff's motion for summary judgment should be **DENIED.** Plaintiff's claims against ICS, Schlee, and Travelers under both the FDCPA and TDCA fail as a matter of law.

CONCLUSION

For the reasons set forth, the Court: (1) **GRANTS** Defendants' Motion for Summary Judgment (Dkt. # 47), and (2) **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. # 48). The Clerk's Office is instructed to enter judgment in favor of Defendants and against Plaintiff and **CLOSE THE CASE.**

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, August 10, 2017.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE